UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHERMAN RAINES,                )
                               )
            Plaintiff,         )
                               )
       v.                      )     No. 4:05-CV-929-MLM
                               )
JAMES G. MARTIN, et al.,       )
                               )
            Defendants.        )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Sherman Raines for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490

U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants James G. Martin (Attorney General, United States Department of Justice), Maria C. Sanchez (Assistant United States Attorney), Lori Miller-Taylor (Deputy Chief Clerk), and United States Marshals Mark Franklin, Unknown Subinson, and Unknown Bohlen. Plaintiff alleges that he "could not find [a] copy of facsimile declaration of manager Cora James inside the case files #4:97-CV-01763." He states that on June 7, 2005, he "walked up toward front counter of Clerk of Court Office," and defendant Lori Miller-Taylor "informed [plaintiff] that [he] should be able to get

2

a copy from [the] United States Department of Justice Office on the 20th Floor." Plaintiff states that he went to the Department of Justice Office, "walk[ed] inside their front office lobby toward their front counter" and "approached the black female receptionist and ask[ed] her if she mind[ed] stating or giv[ing] [him] her name for [his] official records." The receptionist refused to give plaintiff her name, and plaintiff asked to speak with the "immediate supervisor." While waiting for the supervisor, plaintiff states that "[a] squard [sic] of U.S. Marshall[s] [sic] about (5) five or (6) six came inside the U.S. Department of Justice." Plaintiff alleges that the Marshals were "responding to a phone call from within the U.S. Department of Justice demanding that [he] be escorted out of the building of Thomas F. Eagleton Courthouse." Plaintiff complains that he was escorted "off the premise[s] of the Courthouse simply because [he] ask[ed] the receptionist for her name." In addition, plaintiff states that "in order for United States Department of Justice, Maria C. Sanchez-Assistant U.S. Attorney [to make] any changes within [the] original Declaration of Manager Cora James on April 8, 1999, she should have enter[ed] [a] motion, memorandum or plea to Judge Charles A. Shaw."

On June 8, 2005, plaintiff returned to the Courthouse. Plaintiff alleges that defendant U.S. Marshal Bohlen said he "could not go up to [the] Office of U.S. Department of Justice for any reason," that defendant Lori Miller-Taylor informed Bohlen that all

of plaintiff's cases were "closed out and [he] had no business inside the Courthouse," and that plaintiff must leave the premises. Plaintiff claims that he explained he did "have open cases in [the] Clerk of Court Office . . . [and] that [he had] a right to file civil actions." Plaintiff states that defendant Bohlen then escorted him "upstairs to Clerk of Court Office to file [his] case." Plaintiff claims that Bohlen told him not to request to see "the old case file #4:97-CV-01763CAS," because defendant Lori Miller-Taylor had informed him that she "was sending these old files off to the archives," and they were no longer in the Clerk's Office. Thereafter, plaintiff requested, and was given, four complaint forms "and [he] left the premises of the Courthouse immediately before someone attempted to fram[e] [him]."

Plaintiff states that the grounds for filing this case in Federal Court are as follows: "Other Civil Right - Reliliations [sic] & 1964 [and] Freedom of Information Act - 1964 or 1972."

Having carefully reviewed the complaint, the Court concludes that the instant action is legally frivolous. Plaintiff has failed to assert any claims or allegations against defendant James G. Martin. Moreover, to the extent that plaintiff is alleging that defendant Assistant United States Attorney Maria C. Sanchez improperly altered the Declaration of Manager Cora James, Sanchez would be protected by prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Myers v. Morris, 810 F.2d

4

1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. Myers v. Morris, 810 F.2d at 1446. Regarding plaintiff's Freedom of Information Act ("FOIA") claims, "federal courts do not fall within the definition of 'agency' under FOIA." United States v. Mitchell, 2003 WL 22999456 (4th Cir. 2003). As such, the FOIA claims are legally frivolous.

In light of plaintiff's jurisdictional statement of "civil rights" violations, the Court will liberally construe the complaint as a Bivens-type[1] action for monetary damages. It is unclear, however, exactly what civil rights plaintiff is claiming defendants violated. Given that plaintiff does not allege any sort of prejudice relative to filing or accessing previously-filed cases, he has not stated an access-to-the-courts claim. See Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991); Grady v. Wilken, 735 F.2d 303, 306 (8th Cir. 1984). His request "[t]o be compensate[d] for discrimination for prior EEO activity" is nonsensical. His request for compensation "[f]or harassments, intimidations, humiliations, retiliation [sic], of Black man" is insufficient to state a Fourteenth Amendment Equal Protection claim. Although plaintiff's factual allegations are to be liberally construed, the Court will not supply additional facts or construct a legal theory

---

[1] Suits for monetary damage against federal officials for the violation of constitutional rights are authorized under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

for plaintiff that assumes facts that have not been pleaded. For these reasons, plaintiff's "other civil right" claim is legally frivolous.

Last, a Court may determine that an action is "malicious," and thus subject to dismissal, by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is "malicious" when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. See Spencer v. Rhodes, 656 F.Supp. at 461-63. After reviewing the complaint in this case, the Court concludes that plaintiff filed this action, not to vindicate a legitimate right, but rather, to harass and/or intimidate the named defendants by dragging them through the federal judicial system. He seeks three million dollars in actual and punitive damages, yet he wholly fails to set forth a single constitutionally-protected right that allegedly was violated. As such, the Court also dismisses this action as malicious under 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment

of counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and malicious and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 15th day of June, 2005.

                                                  **UNITED STATES DISTRICT JUDGE**